**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Paul PARDINAS–FLORES, aka Paul Pardinas, Defendant—Appellant.**

No. 05–50465.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Becky S. Walker, Esq., Sandy Nunes Leal, Esq., USLA—Office of The U.S. At-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

982

torney, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Paul Pardinas–Flores appeals the sentence imposed following his guilty plea to being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. Pardinas–Flores asserts that 8 U.S.C. § 1326(b), which permits an enhancement above 8 U.S.C. § 1326(a)'s two-year maximum based on the district judge's finding that a defendant's deportation occurred subsequent to a conviction for an aggravated felony, is unconstitutional. This contention, as Pardinas–Flores concedes, is foreclosed. *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that § 1326(b) is a sentencing factor to be found by the judge, not proved to a jury); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* ).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).